IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Fred Joseph Richardson, Jr., | ) | Case No. 1:23-cv-06962-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenneth Nelsen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This action is before the Court pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 7, 2022, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Tradon Marquez Drayton filed objections to the Report. ECF Nos. 17.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

At issue in this action is whether Mr. Drayton, identified as Petitioner's nephew, may proceed in this action on his behalf. The Magistrate Judge recommends finding that he may not and, therefore, further recommends that the petition be dismissed without prejudice. The Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and the applicable law, which the undersigned incorporates by reference. Because objections were filed to the Report, the Court has conducted a de novo review of the record, the Report, and the applicable law.

"A 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf . . . ." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Magistrate Judge determined that Mr. Drayton has not sufficiently established that Petitioner has a mental incapacity such that he cannot bring this action himself. Mr. Drayton objects and requests that the Court subpoena Petitioner's mental health records. It is beyond the

scope of the Court's responsibilities to prove Petitioner's case for him.  Therefore, based upon the information available to the Court, the undersigned overrules this objection.

Mr. Drayton further states that he is sufficiently close to his uncle and that there are legitimate reasons that he has not visited him.  Even crediting this assertion, the Court finds that it does not alter the outcome of this action as neither Mr. Drayton nor Petitioner has established that he cannot proceed on his own behalf.  Finally, Mr. Drayton objects to "the that fact that an innocent may be incarcerated for a crime that he did not do."  Such is beyond the scope of the Report and this Order at this procedural posture where the only issue is whether Mr. Drayton may bring this case on Petitioner's behalf.  Accordingly, the remaining objections are overruled.[1]

## CONCLUSION

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the Report's recommendation.  The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies

---

[1] Mr. Drayton also attaches a letter to him signed by Petitioner.  Even liberally construed, the Court finds that the letter does not add to the objections to the Report.

relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.  In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

    IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

April 25, 2024
Spartanburg, South Carolina